**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-62035-STRAUSS**

**JERSON IMMER VELAZQUEZ,**

  Plaintiff,

v.

**JAMES ROBERT CUNNINGHAM** et al.**,**

  Defendants.

_____/

## <u>OMNIBUS ORDER</u>

**THIS MATTER** comes before the Court upon the filing of various motions by Plaintiff after the Court dismissed this case without prejudice, including Plaintiff's Emergency Motion to Vacate Void Orders for Fraud upon the Court and for Reinstatement of the Fourth Amended Complaint [DE 221] (the "Motion to Vacate").[1] For the reasons stated below, the Motion to Vacate, along with the other pending motions, will be **DENIED**. In addition, the **CLERK** shall not accept further filings from Plaintiff in this case (No. 0:25-cv-62035-JMS)—*except* for a notice of appeal (and any documents necessary for Plaintiff to pursue an appeal).[2]

---

[1] Plaintiff also filed the following motions: (1) Motion and Demand for Verified Service and Alternative Jurisdictional Filing [DE 217]; (2) Motion to Authorize Electronic Service and Filing Pursuant to FRCP 5(b)(2)(E), 5(d)(3), and Local Rule 5.4 [DE 218]; and Plaintiff's Motion and Notice to Recognize Protected Federal Status Under ADA, INA, VOCA, VAWA, RFRA, Whistleblower Statutes, and Related Civil-Rights Frameworks, and Motion for Authorization to Utilize the Court's Electronic Filing (CM/ECF) System [DE 229].

[2] "Injunctive restrictions on filings by abusive litigants are 'necessary and prudent' in order to curb conduct that would impair the rights of other litigants and the courts' ability to carry out their Article III functions." *Shivers v. United States*, 427 F. App'x 697, 699 (11th Cir. 2011) (quoting *Procup v. Strickland*, 792 F.2d 1069, 1071, 1073 (11th Cir. 1986)). "[D]istrict courts have considerable discretion to impose even severe restrictions on what such individuals may file and how they must behave, though the conditions must not have the effect of completely foreclosing

In the Motion to Vacate, Plaintiff asks for the Court to vacate all void orders under Rules 60(b)(4) and 60(d)(3) of the Federal Rules of Civil Procedure. [DE 221] at 1. Based on Plaintiff's references to Rule 60, the Court construes the Motion to Vacate as a motion seeking relief from the Court's Order Dismissing Action Without Prejudice [DE 216] (the "Dismissal Order"). Although the Motion to Vacate is labeled as an "emergency" motion, Plaintiff makes no real attempt to explain why a true emergency exists. Moreover, the Motion to Vacate, like the other "emergency" motions Plaintiff has filed, does not comply with the Court's local rules. *See, e.g.*, S.D. Fla. L.R. 7.1(d)(1) (requiring emergency certification).

"A court may relieve a party from a final judgment or order if 'the judgment is void.'" *Bainbridge v. Governor of Fla.*, 75 F.4th 1326, 1335 (11th Cir. 2023) (quoting Fed. R. Civ. P. 60(b)(4)). "A judgment is 'void' under Rule 60(b)(4) if it was rendered without jurisdiction of the subject matter or the parties or in a manner inconsistent with due process of law." *Oakes v. Horizon Fin., S.A.*, 259 F.3d 1315, 1319 (11th Cir. 2001). "A judgment is not void 'simply because it is or may have been erroneous.'" *Bainbridge*, 75 F.4th at 1335 (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010)).

Relatedly, "Rule 60(d)(3) gives a court the power to 'set aside a judgment for fraud on the court.'" *Brown v. U.S. Dep't of Labor*, 812 F. App'x 940, 943 (11th Cir. 2020) (citing Fed. R. Civ. P. 60(d)(3)). "Fraud on the court is 'only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases.'" *Id.* (quoting *Travelers Indem.*

---

access to the courts." *Id.* (citing *Procup*, 792 F.2d at 1074); *see also McNair v. Johnson*, 143 F.4th 1301, 1306 (11th Cir. 2025) ("A district court will rarely be found to have abused its discretion in dismissing without prejudice because the plaintiff is ordinarily permitted to simply refile.").

*Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985)). A party seeking relief from a judgment under Rule 60(d)(3) must establish fraud "by clear and convincing evidence." *Id.* (quoting *Booker v. Dugger*, 825 F.2d 281, 283 (11th Cir. 1987)). Importantly, "conclusory allegations are insufficient to support a finding of fraud." *Id.*

Here, Plaintiff fails to establish any entitlement to relief from the Dismissal Order under Rule 60. *First*, Defendant cites no authority for the bold proposition that the prior judge's order of recusal and the Court's subsequent reassignment of the case to me was void because of the temporary stay. *See* [DE 221] ¶ 51, at 5-6. This proposition is incompatible with the general rule that "[a] district court has inherent power to manage its docket." *Ho v. City of Boynton Beach*, No. 22-11542, 2023 WL 2293517, at *4 (11th Cir. Mar. 1, 2023) (citing *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005)). The case was properly transferred to the undersigned after the prior judge recused. The temporary stay entered by the prior judge did not strip the Court of jurisdiction.

*Second*, the Court did not lack jurisdiction on the basis that Plaintiff objected to magistrate-judge jurisdiction. Plaintiff is wrong that he complied with the Order Regarding Magistrate Judge Jurisdiction [DE 133] (the "Consent Order"). *See* [DE 221] ¶ 62, at 7. The Consent Order required Plaintiff to file either a notice of consent to magistrate-judge jurisdiction or a motion for case reassignment to a district judge. [DE 133] at 2. The docket entries that Plaintiff highlights while trying to argue that he complied with the Consent Order do not indicate that Plaintiff ever complied. Instead of opting out of magistrate-judge jurisdiction, these filings sought "to transfer the venue of this action to the United States District Court for the District of Columbia." [DE 175] at 1 (emphasis removed); [DE 179] at 1 (emphasis removed). Plaintiff asserted in those filings that the U.S. District Court for the Southern District of Florida had become a "closed loop" that,

according to him, ratifies fraud and erases evidence. [DE 175] at 2; [DE 179] at 2. Nowhere in these two filings, however, does Plaintiff object to the undersigned magistrate judge serving as the presiding judge; Plaintiff merely requested a transfer of the entire case "to the District of Columbia." [DE 175] at 2; [DE 179] at 2. These filings thus do not respond to the Consent Order in the slightest. In fact, Plaintiff failed to comply with the Consent Order—even though I had entered an order in the interim expressly stating that "the Court will begin addressing pending matters after the parties each file either a notice of consent to magistrate-judge jurisdiction or a motion for case reassignment in accordance with the Order Regarding Magistrate Judge Jurisdiction." [DE 162] at 1 (citing [DE 133]).

Because Plaintiff had not responded to the Consent Order within the time permitted, I entered an order to show cause directed at Plaintiff (and several of the defendants). *See* [DE 204] at 1-3. The order to show cause stated, "**Jerson Immer Velazquez** shall file either (1) a notice of consent to magistrate-judge jurisdiction or (2) a motion for case reassignment to a district judge no later **May 15, 2026**." *Id.* at 3. In a footnote, I observed that "[a]lthough Plaintiff has filed a variety of things in the last couple weeks, none appear to respond to the Court's Order Regarding Magistrate Judge Jurisdiction [DE 133] dated April 22, 2026." *Id.* at 2 n.1 The deadline to respond to the order to show cause then came and went without Plaintiff complying. Plaintiff's failure occurred despite the warning in the order to show cause that "[a]ny further failure to respond to the Court's Order Regarding Magistrate Judge Jurisdiction [DE 133] will be considered implied consent to have Magistrate Judge Jared M. Strauss conduct any and all further proceedings as well as order the entry of judgment." *Id.* at 3. I also warned, "Further failure to respond to the Court's order may also result in sanctions." *Id.*

I ultimately concluded that Plaintiff impliedly consented to my jurisdiction. As I explained in the Dismissal Order, Plaintiff's "myriads of motions" seeking relief from the Court, which Plaintiff filed despite being made aware of his right to opt out of magistrate-judge jurisdiction, constituted his implied consent to my jurisdiction as the presiding judge. [DE 216] at 3 n.2 (citing *Roell v. Withrow*, 538 U.S. 580, 590 (2003)). The Supreme Court made clear that implied consent exists where, as here, "the litigant . . . was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge." *Roell*, 538 U.S. at 590. Moreover, all Defendants in the operative complaint who had been served at the time of the Dismissal Order had either been voluntarily dismissed from the action or had consented to my jurisdiction as the presiding judge, including Defendant Dean Trantalis, who consented in his official and individual capacities. Plaintiff provides no authority standing for the proposition that Defendant Dean Trantalis needed to also consent in his capacity as an attorney or in any other capacity. Because Plaintiff and all served, non-dismissed Defendants from the operative complaint consented, I had jurisdiction over the case as the presiding judge. Therefore, Plaintiff is not entitled to relief under Rule 60 for a lack of consent.[3]

*Third*, and most fundamentally, Plaintiff's Motion to Vacate does not seemingly address the basis for dismissal without prejudice in the Dismissal Order. On May 11, 2026, I entered an order stating the following: "Plaintiff Jerson Immer Velazquez **must** and Defendants and their counsel **may** (but are not required to) appear for an **in-person** status conference before Magistrate Judge Jared M. Strauss on **Monday, May 18, 2026, at 3:00 PM** in Courtroom 310-B of the Fort

---

[3] To the extent that Plaintiff is arguing that all parties needed to sign the same filing to indicate consent, he provides no legal support for the proposition. Moreover, such a proposition is legally dubious. *See* Fed. R. Civ. P. 73(b)(1) ("To signify their consent, the parties must jointly *or separately* file a statement consenting to the referral." (emphasis added)).

Lauderdale Division." [DE 206] at 1. As noted in the Dismissal Order, Plaintiff did not attend the mandatory status conference. [DE 216] at 3. The failure to comply with this order, in addition to Plaintiff's failure to comply with multiple other orders, was the basis on which the Court dismissed the action without prejudice. *See id.* at 4 ("Here, the Court finds that Plaintiff ignored the Court's warning regarding possible sanctions and has repeatedly failed to comply with the Court's orders. Plaintiff's actions culminated with him failing to appear at a mandatory status conference on May 18, 2026. These actions justify dismissal of the action without prejudice."). Plaintiff does not explain how the Dismissal Order, which was premised on Plaintiff's own failure to comply with reasonable orders from the Court, is void or was a result of fraud on the court. Indeed, compliance with the basic directives in the orders was within Plaintiff's own control. Yet all Plaintiff states in the Motion to Vacate is that the Court held an "empty status conference." [DE 221] ¶ 97, at 8. Calling a status conference empty[4] falls well short of meeting Plaintiff's burden to show why he is entitled to relief from an order dismissing the case for failure to adequately prosecute the case and failure to comply with court orders.

In sum, Plaintiff has failed to establish grounds for relief from the Dismissal Order under Rule 60.[5] None of Plaintiff's arguments establish the Dismissal Order itself is void or the product of fraud on the Court. The Dismissal Order dismissed the case without prejudice (leaving Plaintiff able to re-file the case) because Plaintiff failed to adequately prosecute the case and failed to

---

[4] It is entirely unclear what Plaintiff means by "empty." Indeed, counsel for most Defendants appeared at the status conference.

[5] Nor has Plaintiff established grounds for relief from the Dismissal Order on any other basis, including Rule 59(e).

comply with multiple orders of the Court. The relevant parties, including Plaintiff, consented to my jurisdiction either impliedly or expressly.

Additionally, the other motions Plaintiff filed after dismissal of the action do not entitle Plaintiff to relief.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1.      All pending motions are **DENIED**.

2.      The **CLERK** shall not accept further filings from Plaintiff in this case (No. 0:25-cv-62035-JMS)—*except* for a notice of appeal (and any documents necessary for Plaintiff to pursue an appeal).

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 29th day of May 2026.

Jared M. Strauss
United States Magistrate Judge