**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-62035-STRAUSS**

**JERSON IMMER VELAZQUEZ,**

      Plaintiff,

v.

**JAMES ROBERT CUNNINGHAM** et al.**,**

      Defendants.

_____/

<u>**ORDER DENYING MOTIONS FOR LEAVE TO APPEAL *IN FORMA PAUPERIS***</u>

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Permission to Appeal In Forma Pauperis (the "First IFP Motion") [DE 238] and Motion for Permission to Appeal In Forma Pauperis and Affidavit (the "Second IFP Motion") [DE 241] (collectively, the "Motions").[1] I have reviewed the Motions, the pertinent portions of the record, and the relevant law. For the reasons stated below, the Motions are **DENIED**.

In the First IFP Motion, Plaintiff states that he wishes to appeal this Court's order dismissing his case without prejudice because, in his opinion, the Court improperly dismissed the action. [DE 238] at 1-2. He states that "the lower court erred by dismissing the action based on motions filed by conflicted, defaulting attorneys who lacked the lawful jurisdiction or authority to represent the collective corporate and third-party entities." [DE 238] at 2. Plaintiff further states that he cannot pay the filing fee, as he "suffered a severe financial collapse" because of "Defendants' multi-jurisdictional torts and ongoing contractual breaches." [DE 238] at 1. Plaintiff

---

[1] It is unclear to the Court whether DE 241 is supposed to moot DE 238 or supplement it. The Court therefore evaluates both filings together.

elsewhere explains that he is a debtor in Chapter 13 bankruptcy proceedings in New York and "is legally restricted from spending liquid funds on outside litigation expenses." *Id.*

In the accompanying affidavit, which is buried within the First IFP Motion (between the signature block and certificate of service), Plaintiff swears under penalty of perjury that he is unemployed, has no monthly income, and cannot pay court fees and costs on appeal because of "the expenditure restrictions imposed by the United States Bankruptcy Court for the Southern District of New York . . . ." *Id.* at 2. Plaintiff attaches various documents to the First IFP Motion, including an application to pay the filing fee in bankruptcy court in installments and other court-related documents for different federal and state courts. *See id.* at 3-47. None of the documents appear to be an order signed by the bankruptcy judge in the New York case stating that Plaintiff may not spend any money to pay the filing fee in other cases brought by him. *See id.* The attached application (which also includes a proposed order) only mentions Plaintiff's payments to others "for services in connection with [the] bankruptcy case." *Id.* at 3-4. It does not appear to address other cases brought by Plaintiff. *See id.*

In the Second IFP Motion, Plaintiff states that he has had an average monthly income of $7,650 during the last twelve months. *See* [DE 241] at 2. This amount is comprised of income from real property ($50), public-assistance ($100), and "insurance payment" ($7,500). *Id.* Plaintiff did not specify the amount of income he expects to receive in the next month. *See id.* In response to a question asking how much cash "you and your spouse" have, Plaintiff answered $300. *Id.* Elsewhere, Plaintiff lists substantial assets for him and his spouse, *id.* at 3, but it is unclear whether Plaintiff has any access to these funds, *see id.* at 3-4. For average monthly expenses, Plaintiff avers that his monthly expenses are $100 for food, $20 for laundry and dry-cleaning, $20 for transportation, and $100 for "LEGAL EXPENSES." *Id.* at 4. Plaintiff lists that his total monthly

2

expenses average to around $220 per month. *Id.* at 4-5. Like in the First IFP Motion, Plaintiff states that he must pay the filing fee for his bankruptcy case before using other cash for other cases. *Id.* at 5.

Upon reviewing these filings, Plaintiff has not shown that he is entitled to proceed *in forma pauperis* on appeal. "Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule [of] Appellate Procedure 24." *Xavier v. United States*, No. 16-CR-20685, 2023 WL 8937170, at *1 (S.D. Fla. Feb. 2, 2023). Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the appeal of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). The granting of a motion to proceed *in forma pauperis* is discretionary. *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983). "When considering a motion filed under Section 1915(a), '[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" *Raftery v. Vt. Student Assistance Corp.*, 2016 WL 11579801, at *1 (M.D. Fla. Feb. 17, 2016) (quoting *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004)). "[A]n affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307. The party seeking to appeal, however, need not be "absolutely destitute." *Id.* Accordingly, a court must compare "the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014).

Relatedly, Rule 24 states that "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." Fed. R. App. P. 24(a)(1). The party seeking to proceed *in forma pauperis* on appeal must attach an affidavit that (1) "shows . . . the party's inability to pay or to give security for fees and costs," (2) "claims an entitlement to redress," and

3

(3) "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(A)-(C). "An appeal, however, 'may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.'" *Xavier*, 2023 WL 8937170, at *1 (first quoting 28 U.S.C. § 1915(a)(3); and then citing Fed. R. App. P. 24(a)(3)(A)). If a district court denies a motion to proceed *in forma pauperis* on appeal, a "party may file a motion to proceed on appeal *in forma pauperis* in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4)." *Joseph v. United States*, No. 18-CV-24020, 2021 WL 1064097, at *2 (S.D. Fla. Feb. 12, 2021) (quoting Fed. R. App. P. 24(a)(5)).

Here, the information provided does not satisfy the Court that Plaintiff has established poverty for purposes of § 1915 and Rule 24. Specifically, the Court cannot properly evaluate the Motions and the accompanying affidavits because they lack a clear indication of Plaintiff's financial condition and are thus deficient. Plaintiff does not adequately explain how he manages his daily expenses, and the information Plaintiff provides about his income and assets (as opposed to his expenses and liabilities) is inconsistent. In some places, Plaintiff mentions that he has no income, that he is unemployed, and that all or most of his assets are being blocked by Defendants. Elsewhere, however, Plaintiff mentions an average monthly income of $7,650 during the past twelve months. The substantial assets listed by Plaintiff for his spouse only add to the confusion. Plaintiff also has not adequately shown that the bankruptcy proceedings prevent him from paying the filing fee in a separate case filed by him prior to pursuing bankruptcy. In short, Plaintiff has not provided the Court with sufficient information for it to conclude that he has established an inability to pay.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1.      The First IFP Motion [DE 238] is **DENIED**.

2.      The Second IFP Motion [DE 241] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 17th day of July 2026.

Jared M. Strauss
United States Magistrate Judge